```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA (Farm Service Agency),<br><br>        Plaintiff<br><br>             v.<br><br>NATALIO RAMOS-DE LEON, LUZ ELBA ALAMO-MORALES, and the conjugal partnership constituted by both,<br><br>        Defendants | CIVIL NO. 08-1145 (JP) |

**JUDGMENT BY DEFAULT**

The Court has before it Plaintiff's motion for default judgment (**No. 5**) against Natalio Ramos-de León, Luz Elba Alamo-Morales, and the conjugal partnership constituted by both (collectively, "Defendants"). The motion is **GRANTED**. Upon Plaintiff's motion for judgment, and it appearing from the records of the above-entitled case that default was entered by the Clerk of this Court against Defendants on June 10, 2008 (No. 6), for their failure to plead or file an answer to the Complaint or otherwise appear in the above cause, Plaintiff is entitled to a judgment by default.

**IT IS HEREBY ORDERED:**

1. On August 4, 1976, the original borrowers - the Defendants - subscribed a mortgage note for the principal amount of $86,500.00 with interest at the rate of five percent per annum.

CIVIL NO. 08-1145 (JP)          -2-

2.   Said mortgage note was subscribed in favor of or to the order of Rural Development, an agency and instrumentality of the United States of America.

3.   For the purpose of securing the payment of said note, a mortgage was constituted by Deed No. 34, dated August 4, 1976, before Notary Public Wilson Bayrón-Soto, over the following real properties:

> **"A": RUSTICA: Parcela radicada en el Barrio Carraízo del término municipal de Trujillo Alto, Puerto Rico, con una cabida superficial de TREINTA Y UN MIL CIENTO NOVENTA punto OCHOCIENTOS TREINTA METROS CUADRADOS (31,190.830 mc.) equivalentes a SIETE punto NUEVE MIL TRESCIENTOS CINCUENTA Y OCHO CUERDAS (7.9358 cdas.). Colindando por el NORTE con la Quebrada Colorada y Pedro de León Morales; por el SUR, con la parcela de Doña Zoraida Carpintero Díaz; por el Este, con la Carretera Estatal número Ochocientos Cuarenta y Tres (843); por el OESTE, con la Quebrada Colorada.**
>
> **Adquirida por los prestatarios Don Natalio Ramos de León y su esposa Doña Luz E. Alamo Morales por compraventa mediante la escritura número treintitrés otorgada ante el fedatario el cuatro de agosto de mil novecientos setentiséis. Se encuentra pendiente de inscripción a nombre de los aquí comparecientes inscrita al folio seis del tomo ciento noventicuatro de Trujillo Alto, finca número nueve mil ochocientos cuarentiocho, inscripción primera. Está libre de gravámenes excepto el que se constituye por ésta.**

Plaintiff's mortgage for the amount of $86,500.00 is recorded at page 7, volume 194 of Trujillo Alto, property number 9848, third inscription, at the Registry of the Property of San Juan, Section IV, Puerto Rico.

> **"B": SOLAR radicado en la URBANIZACION LITHEDA HEIGHTS, situado en el Barrio Cupey Bajo de Río Piedras, Puerto**

CIVIL NO. 08-1145 (JP)            -3-

**Rico, que se describe en el plano de inscripción de la Urbanización con el número, área y colindancias que se relacionan a continuación:**

**NUMERO DEL SOLAR: CUATROCIENTOS Y DIEZ METROS CUADRADOS CON VEINTIOCHO METROS CUADRADOS (410.28 m.c.)**

**EN LINDES: Por el NORTE, con el solar cincuenta y cinco A (55-A) distancia de veintidós (22) metros y sesenta y seis (66) centímetros; por el SUR, con el solar cincuenta y cinco (55) distancia de trece (13) metros y ochenta y seis (86) centímetros y con "access walk to sanitary easement" con distancia de cinco (5) metros y sesenta y seis (66) centímetros y un metro (1) con cincuenta (50) centímetros; por el ESTE, con la calle cuatro (4) distancia de ocho (8) metros y cincuenta (50) centímetros y con "Access walk to sanitary easement" con distancia de tres (3) metros; y por el OESTE, con el solar ochenta y tres (83) distancia de doce (12) metros y setenta y dos (72) centímetros, y el solar ochenta y dos (82) distancia de dieciséis (16) metros y cincuenta y ocho (58) centímetros.**

**El inmueble antes descrito contiene una casa de concreto reforzado, diseñada para una familia, hecha de acuerdo con los planos y especificaciones aprobados por la Administración Federal de Hogares y otras agencias gubernamentales.**

Plaintiff's mortgage is recorded at page 206, volume 26 of Río Piedras Sur, property number 1048, sixth inscription, at the Registry of the Property of San Juan, Section IV, Puerto Rico.

4.   Defendant owners of record of these properties have failed to comply with the terms and conditions of the mortgage contract and have refused to pay the stipulated monthly installments, in spite of Plaintiff's demands and collection efforts.

CIVIL NO. 08-1145 (JP)          -4-

5.      According to the terms and conditions of the mortgage contract, if default is made in the payment of an installment under the mortgage note, and said default is not made good prior to the due date of the next installment, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

6.      Defendants' indebtedness with Plaintiff is:

   a)   $91,166.63 of aggregate principal;

   b)   $33,173.12 of interest accrued as of September 4, 2007, and thereafter until its full and total payment, which amount increases at the daily rate of $12.4886;

   c)   Insurance premiums, taxes, advances, late charges, costs, court costs, disbursements, and attorneys' fees guaranteed under the mortgage obligation.

7.      Defendants, as debtors of the amounts prayed for in the Complaint, are hereby **ORDERED** to pay unto Plaintiff the amounts specified and set forth in the preceding paragraph, paragraph six.

8.      In default of the payment of the sums herein specified or of any part thereof within the ten days from the date of entry of this Judgment, said property shall be sold by the U.S. Marshal of this Court at a public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

CIVIL NO. 08-1145 (JP)          -5-

9.    The U.S. Marshal of this Court shall make the sale mentioned herein in accordance with 28 U.S.C. Sections 2001 and 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law.  The notice of sale shall be published in a newspaper of general circulation once a week during four consecutive weeks.  The amount of $86,500.00 shall serve as the minimum bid for the first public sale.  Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale.  Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale.  The U.S. Marshal of this Court shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court.  Such sale shall be subject to the confirmation of this Court.  Upon confirmation, the U.S. Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law.  Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty days from the confirmation of the public sale.

CIVIL NO. 08-1145 (JP)          -6-

10. Any funds derived from the sale to be made in accordance with the terms of this Judgment and such further orders of this Court shall be applied as follows:

    a)   To the payment of all proper expenses attendant upon said sale;

    b)   To the payments of that part of the indebtedness owed to Plaintiff in the same order and for the amounts specified, and set forth in paragraph six;

    c)   If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

    d)   In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to Plaintiff, Plaintiff shall be entitled to a deficiency judgment against Defendants and shall have execution therefor.

11. The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

12. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall

CIVIL NO. 08-1145 (JP)              -7-

proceed to issue of course all necessary writs to enforce and execute the same.  Fed. R. Civ. P. 77(a).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of June, 2008.

                                        s/Jaime Pieras, Jr.
                                       JAIME PIERAS, JR.
                                   U.S. SENIOR DISTRICT JUDGE